U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:20 CR 3062 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR DEPARTURE AND/OR VARIANCE AS WELL AS DEFENDANT'S POSITION ON THE UNRESOLVED OBJECTIONS TO THE PRESENTENCE REPORT AND REQUEST FOR ORAL TESTIMONY** |
| ZHIJUN XIA, | ) ) ) | |
| Defendant. | ) ) ) ) | |

The undersigned points out to the Court that the arguments contained in this brief go equally to the Defendant's motion for departure and/or variance as well as setting forth his position on unresolved objections to the presentence report.

The undersigned has been under the belief that the pending plea agreement in a sense trumps (given today's political climate perhaps that's a bad choice of a verb) the sentencing guidelines. The Court can look to the sentencing guidelines under Booker but does not need to blindly apply them. Given the pending plea agreement, the Defendant asserts that the guidelines are especially not the final arbiters of the sentence the Court will impose. If the probation officer's (who has been both kind and polite throughout the course of this matter) logic was to apply, there would never be a reason to take any kind of plea offer or to engage in plea negotiations. Mr. Xia is getting hit as hard by the probation officer as if we went to trial and lost versus the present situation where there is a pending plea agreement that gives the Court wide discretion for sentencing. Again, the Court can look at the sentencing guidelines but they are not

the final arbiters. This pending plea agreement gives the Court the opportunity to look at the unique issues of this case to fashion a fair result for both parties.

Parenthetically, the undersigned believes that because of COVID-19 restrictions as well as the fact that Mr. Xia has been moved from Douglas County to Cass County to Saline County, both combined to make it onerous for the probation officer to visit with the Defendant personally. If she would have had the opportunity to visit with Mr. Xia face to face, person to person, I believe she'd have a whole different view of Mr. Xia. We are not being critical of the probation office for not visiting with Mr. Xia, but the officer is making some assumptions of Mr. Xia's character which flies in the face of the individual the undersigned has gotten to know and respect in the past year. The Defendant would like to thank the probation officer, for making the changes that she did make from the first draft to the final draft, based upon his written input. We humbly suggest that if there was a face-to-face meeting, there would be even more changes.

Specifically addressing unresolved objections to the presentence report:

Paragraph 27: admittedly E.W. was interviewed and which interview was in the case agent's file. But this potential discrepancy of faulty memory should not be a crucial issue. E.W. can have her recollection of what occurred; the Defendant can have his recollection of what occurred. The Defendant did not ask about the age of consent or legal age but asked what the average age was for sexual activity in the United States. Defendant's general understanding and sense of United States law and culture was that high school students can engage in sex as long as it's consensual. He would have conversations with her as to whether or not a movie like American Pie was reality. During those conversations, E.W. informed him that the average age for sexual activity in the United States was 15. He is not painting himself as a victim, he knows he did something wrong and has admitted same. He just didn't know it was illegal.

Paragraphs 35, 36, and 47: these are the paragraphs that are of the most concern to the Defendant and the undersigned. He has pled guilty. By his plea he saved E.W. from testifying. He admitted to having sex with the girl to Judge Zwart in the change of plea hearing. He has exposed himself to imprisonment for 180 to 262 months. How can this not be viewed as an acceptance of responsibility? He's from another country, another culture, who is scared, confused, and overwhelmed by the legal system. To say that he gets no points deducted at all for entering a plea of guilty, not a plea of no-contest or an Allen plea is confusing at best. He should get a three-point reduction. The undersigned has been doing this a long time, and many Defendants play a game, say the right things to get a reduction, etc. Of all the individuals the undersigned has worked with, this is the one guy that is deserving of a three-point reduction. He has shown remorse to the undersigned; he feels bad that he took advantage of E.W. and that she is suffering for it. Again, how is this not acceptance of responsbility?

Paragraph 38: the base offense level for enticement is 22. The undersigned does not suggest, however, that the logic used by Miss Reynolds to arrive at 32 is flawed. However, we respectfully argue that 22 would be the more correct base level given the totality of the circumstances, and considering he has pending state charged for basically the same offenses and victim. In colloquial terms, the government is piling on the Defendant.

Paragraph 41: a two-point increase in this circumstance comes close to double jeopardy in that the use of social devices were necessary for both enticement and for the photographs. There was only one victim and a total of 4 photos. The Defendant is requesting that he not be given a two-point increase.

Paragraph 43: It is truly just coincidental that Mr. Xia was at UNO, which coincidence has nothing to do with the offense. When he first met E.W.'s mom (not at UNO) he was awaiting

acceptance into UNO for his second degree. Whether he was a banker or a candlestick maker, E.W.'s mom liked Mr. Xia and would have utilized his knowledge of Chinese culture and language to tutor her daughter. He did not become her tutor through "his involvement and knowledge of the UNO programs that he offered the victim's mother tutoring lessons and he gained the trust of the victim and her mother." This increase should not be given.

Paragraph 48: given the above, the total offense level should be 23 (22+2+2-3); if the officer appropriately applied the base offense level, the total offence level should be 33 (32+2+2-3).

Paragraphs 75,76 and 77: Financial considerations: he has no income and no assets. The residence referred to in the presentence report is not his, but his family's. He does not own it and does not have a financial interest in it. The bond and all the legal fees, including jail expenses, have been paid by his sisters. He had and has no ability to pay for any of those items. While in jail he has sold his car (got about $12,000 for it), paid off all his debts, and now has $2,000 left in his account. After Defendant's incarceration, and later when the lease ended, and his roommate vacated the apartment they leased together, the Defendant got all those end of lease bills. He just recently got a cleaning bill from the landlord. All these negatives have dropped his credit score from 720 to 605. He has no job. Since he is divorced, he gets no spousal help. He is not able to pay any assessment, fine, or restitution.

Finally, in the "for what it's worth" category, Mr. Xia has probably been the most polite, helpful, and thoughtful of all of the undersigned's clients spanning soon to be 45 years as an attorney. He actually worries about the mental health and future of E.W. He called both I and Miss Li on Thanksgiving and Christmas to thank us both for the work we have been doing on his behalf. Guards at the various County Jails where he has been housed have remarked to the

undersigned how pleasant it was to have Mr. Xia as an inmate (for obvious political reasons they could not put those words in writing for the Court). The Court has letters from people who know Mr. Xia, people who know Mr. Xia much better than I, the prosecution, or the probation officer. I am reminded of the old saying "Hate the sin, love the sinner." Mr. Xia is exposing himself to a minimum 15 years in jail; he will be deported to China disgraced; he will miss the most productive years of his professional career; he will miss seeing his son grow into adulthood, his grandparents die; etc. We are asking the court to impose 180 months as that figure is commensurate with the offenses, his lack of criminal history, and certainly will not promote disrespect of the law.

     The Defendant respectfully requests that he be allowed to testify at the time of sentencing so that he can at least feel that his voice and position are being heard, not just read in a dry report. Your decision will impact the rest of his life. Respectfully, it seems unfair that he can't tell you why a sentence of 15 years is fairer than one of 22 years. Allocution is not sufficient as defendants typically are too nervous to reflect who they are. If he testifies, the undersigned can help direct and redirect his testimony to cover the points Defendant wants to make. He will only discuss the matters contained in this brief. His testimony is necessary for the Court to determine whether or not the Defendant shows remorse and is accepting responsibility, or rather Defendant thinks he is a victim here – which he does not – the position the Officer holds. The Court can then evaluate his integrity and believability. The Defendant would be the only person to testify and the undersigned believes it would not take longer than 45 minutes for both direct and cross.

     Finally, this is a unique enough set of circumstances that if the Court determines that the guidelines should apply, that there be at least a variance or departure from same based upon the above.

        ZHIJUN XIA, Defendant

        By;  /s/ Steve Lefler
        Steve Lefler #15434
        Matthew Burns, #25437
        1213 JONES St.
        Omaha, Nebraska 68102
        (402) 342 4433
        Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was forwarded to the parties by way of First Class Mail, E-mail and/or Electronic Service on JUNE 30, 2021.

        /s/ Steve Lefler
        Steve Lefler