IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:20-CR-3062 |
| vs. | TENTATIVE FINDINGS |
| ZHIJUN XIA, | |
| Defendant. | |

The Court has received the revised presentence investigation report in this case. The defendant has objected to the presentence report and, alternatively, asked for a "departure and/or variance" from the Guidelines range that the Court understands to be requesting a downward variance.[1] Filing 81; filing 82.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S.

---

[1] In sentencing a defendant, the Court must first determine the advisory sentencing range as recommended by the Guidelines. Next, the Court must decide if any applicable Guidelines provisions permit a traditional "departure" from the recommended sentencing range. The calculation of the initial advisory Guidelines range, along with any applicable departures, results in a final advisory Guidelines sentencing range. Then, in determining the actual sentence that should be imposed, the Court must consider whether the factors in § 3553(a) justify a "variance" outside the final advisory Guidelines sentencing range. As opposed to a "departure," a "variance" refers to a non-Guidelines sentence based on the factors enumerated in § 3553(a). *United States v. Lozoya*, 623 F.3d 624, 625-26 (8th Cir. 2010).

220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

(a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

(b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has objected to the presentence report in several respects. Some of those objections present disputes over background facts that do not directly affect the Guidelines calculation. *E.g.* filing 82 at 2, 4. The Court will take all that into account at sentencing, but for purposes of calculating the Guidelines range need not resolve those disagreements.

(a) The defendant's first substantive objection is to the presentence report's finding that the defendant is not entitled to a reduction in the offense level for acceptance of responsibility. Filing 82 at 3. The probation officer found that the defendant hasn't accepted responsibility because his account of the offense is inconsistent with the other evidence. The defendant argues that he nonetheless has shown remorse and, by pleading guilty, spared the victim from having to testify at trial. Filing 82 at 3.

U.S.S.G. § 3E1.1(a) provides for a two-level reduction if the defendant clearly demonstrates acceptance of responsibility for his offense. *United States v. Cooper*, 998 F.3d 806, 810 (8th Cir. 2021). The reduction's purpose is to distinguish a sincerely remorseful defendant from a defendant not manifesting penitence. *Id*. A defendant who enters a guilty plea is not entitled to credit for acceptance of responsibility as a matter of right, and the burden is on a defendant to show that he clearly demonstrated acceptance of responsibility. *United States v. Torres-Rivas*, 825 F.3d 483, 486 (8th Cir. 2016); *see United States v. Binkholder*, 832 F.3d 923, 927 (8th Cir. 2016).

A defendant's guilty plea and truthful admission of the conduct comprising the offense of conviction constitute significant evidence in favor of the acceptance-of-responsibility reduction. *Cooper*, 998 F.3d at 810 (citing § 3E1.1 cmt. n.3). But that evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. *Id*. The key issue is whether the

defendant has shown a recognition and affirmative responsibility for the offense and sincere remorse. *Id*.

That said, the Court is not in a particularly good position to evaluate the defendant's acceptance of responsibility at this point. The defendant's plea of guilty, and acceptance of a binding plea agreement that subjects him to at least 15 years' imprisonment, certainly count in his favor. *See id*. But other than that, the Court is left to compare the evidence described in the presentence report with the "defendant's version of the offense" that was prepared by defendant's counsel. The Court will, therefore, determine whether the defendant has demonstrated acceptance of responsibility after any additional testimony or allocution has been presented at sentencing.

(b) The defendant's next substantive objection is to the base offense level. Filing 82 at 3. The defendant pled guilty to child enticement in violation of 18 U.S.C. § 2422(b), so the applicable Guideline is U.S.S.G. § 2G1.3 and the base offense level is 28. But there is a cross-reference at § 2G1.3(c)(1): "If the offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, apply [U.S.S.G. § 2G2.1] . . . if the resulting offense level is greater. . . ." The presentence report noted the defendant's production and solicitation of sexually explicit images from the victim, and applied the cross-reference, resulting in a base offense level of 32.

The defendant's objection suggests that a lower base offense level "would be the more correct base level given the totality of the circumstances," but "does not suggest, however, that the logic used" in the presentence report "is flawed." Filing 82 at 3. What, then, is the objection? The Court can depart or vary from the Guidelines if the Guidelines calculation produces a result that, in the Court's opinion, doesn't fit the crime. *See Lozoya*, 623 F.3d at 625-26. But what the Court can't do is misapply the Guidelines in the first place to reach a preferred result. *See id*. In the absence of any *legal* argument that the cross-reference to § 2G2.1 isn't warranted by the evidence, the Court finds that the defendant's objection on that point is without merit.

(c) Next, the defendant suggests that "it comes close to double jeopardy" to apply the two-level enhancement provided by § 2G2.1(b)(6)(B), for the use of a computer or interactive device to produce sexually explicit material, "in that the use of social devices were [sic] necessary for both enticement and the photographs." Filing 82 at 3. But even if that constituted double counting, double counting is prohibited only if the Guidelines at issue specifically forbid it. *United States v. Davenport*, 910 F.3d 1076, 1083 (8th Cir. 2018); *United States v. Clark*, 780 F.3d 896, 898 (8th Cir. 2015); *United States v. Pappas*, 715 F.3d 225, 229 (8th Cir. 2013). Section 2G2.1 doesn't. *See United States v. Junod*, No. 15-CR-20621, 2020 WL 1847978, at *2 (E.D. Mich. Apr. 13, 2020). Because the defendant has not identified any error in applying this enhancement, the Court also finds his objection on this point to be

without merit. The Court will be applying the § 3553(a) factors in any event.

(d) Finally, the defendant objects to a two-level enhancement for abuse of a position of trust pursuant to U.S.S.G. § 3B1.3. Filing 82 at 3-4. The presentence report applied that enhancement because the victim was enrolled in a program at the same university where the defendant was a graduate student, and the defendant used his university office for trysts with the victim. The defendant points out that he was approached to tutor the victim before he was accepted into his graduate program, so their presence at the same university was coincidental. Filing 82 at 3-4.

The government has the burden of proving the two elements of this sentencing enhancement by a preponderance of the evidence: first, the defendant occupied a position of public or private trust, and second, the defendant used his position in a way that significantly facilitated the commission or concealment of the offense. *United States v. Natysin*, 966 F.3d 738, 739 (8th Cir. 2020). People holding positions of trust "ordinarily are subject to significantly less supervision than employees whose responsibilities are primarily non-discretionary in nature." § 3B1.3 cmt. n.1.

So, for instance, the adjustment "applies in the case of an embezzlement of a client's funds by an attorney serving as a guardian, a bank executive's fraudulent loan scheme, or the criminal sexual abuse of a patient by a physician under the guise of an examination." § 3B1.3 cmt. n.1. It doesn't apply, however, "in the case of an embezzlement or theft by an ordinary bank teller or

hotel clerk because such positions are not characterized by the above-described factors." *Id*. But it turns on the precise relationship between the defendant and victim and therefore cannot be decided on the basis of generalities. *United States v. Walker*, 818 F.3d 416, 423 (8th Cir. 2016).

The Court finds some merit to the defendant's argument, at least as it relates to the theory articulated in the presentence report: even if a position as a university graduate student is a "position of trust" with respect to others at the same university, there is little evidence that the defendant abused that trust to facilitate the crime. True, he used his university office to meet the victim, but as a practical matter that wasn't much different than if he'd worked at a business nearby.

That, however, wasn't the defendant's only job: he first met the victim when he was hired to tutor her, and it was *that* position that allowed him to commit the offense. That's much more like a position of trust, as it facilitated his access to the victim and parental permission to be in her company. *See United States v. Booth*, 996 F.2d 1395, 1397 (2d Cir. 1993); *cf. United States v. Johns*, 15 F.3d 740, 744 (8th Cir. 1994). The Court will consider whether the evidence supports that enhancement at sentencing.

The defendant also argues, in the alternative, that should the Court overrule his objections to the presentence report, his circumstances warrant a variance from the Guidelines range. Filing 82 at 6. Again, the Court will be applying the § 3553(a) factors and will resolve the defendant's motion for variance at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 7th day of July, 2021.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Chief United States District Judge