IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:20-CR-3062 |
| vs. | ORDER |
| ZHIJUN XIA, | |
| Defendant. | |

The defendant has filed a motion to vacate under 28 U.S.C. § 2255 (filing 115). Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must conduct an initial review of the defendant's motion. The defendant has asked to extend the timeline for that initial review. Filing 116. Specifically, he alleges that he is still gathering information relevant to his claims, and needs more time to submit them. Filing 116. He also seeks additional time to amend his motion. Filing 116. And he has filed a motion to appoint counsel to assist him. Filing 117.

The Court can do one of those things at this point, but not the other. Specifically, the Court can give the defendant the additional 180 days he requests to support the *existing* claims asserted in his § 2255 motion, because they're timely. *See* § 2255(f). But to the extent that the defendant is asking for additional time to assert any *new* claims, the Court can't tell at this point whether or not they would be timely. As the Eighth Circuit has explained with respect to the statute of limitations for initial and amended § 2255 motions:

> Claims made in an amended motion relate back to the original motion when the amendment asserts a claim that arose out of the same conduct, transaction, or occurrence set out in the original motion. To arise out of the same conduct, transaction, or

> occurrence, the claims must be tied to a common core of operative facts. An amended motion may raise new legal theories only if the new claims relate back to the original motion by arising out of the same set of facts as the original claims. The facts alleged must be specific enough to put the opposing party on notice of the factual basis for the claim. Thus, it is not enough that both an original motion and an amended motion allege ineffective assistance of counsel during a trial. The allegations of ineffective assistance must be of the same time and type as those in the original motion, such that they arise from the same core set of operative facts.

*Dodd v. United States*, 614 F.3d 512, 515 (8th Cir. 2010) (cleaned up). In other words, a claim that's filed six months from now—potentially outside the one-year statute of limitations—would only relate back to the defendant's timely initial motion if it's sufficiently related to his original claims. *See id*. at 516-17. Any completely new claims in an "amended" motion could be untimely.

The Court cannot extend that deadline unless there are extraordinary circumstances. *See Byers v. United States*, 561 F.3d 832, 835-37 (8th Cir. 2009); *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006). But that is "an exceedingly narrow window of relief" and requires proof that the petitioner has been pursuing his rights diligently and some extraordinary circumstances stood in his way. *Deroo v. United States*, 709 F.3d 1242, 1246 (8th Cir. 2013). And it's impossible to tell at this point, because until the defendant's hypothetical motion is actually filed, the Court cannot determine whether it was diligently pursued. *See id*.

To summarize: because the Court can only decide whether equitable tolling is appropriate at the time a § 2255 motion is filed, the Court <u>cannot</u> extend the limitations period in advance. Nor can the Court even determine

when the limitations period began to run without knowing the basis for the defendant's motion. *See* § 2255(f). If the defendant files an amended § 2255 motion later, asserting new claims, he can argue at that time why the Court should extend the 1-year period of limitation or why those claims should relate back to his original motion.

The Court may appoint counsel to represent a § 2255 movant if it "determines that the interests of justice so require." § 2255(g); 18 U.S.C. § 3006A(a)(2)(B). But the Court cannot make that determination at this time. Rather, the Court will consider after initial review of the defendant's § 2255 motion whether appointment of counsel is warranted, which the Court will undertake after affording the defendant additional time to supplement his § 2255 motion. The defendant's motion to appoint counsel will be denied without prejudice to reconsideration at that time.

IT IS ORDERED:

1. The defendant's motion to vacate (filing 115) will be held in abeyance pending further submissions from the defendant.

2. The defendant's motion to extend (filing 116) will be granted in part and denied without prejudice in part.

3. The defendant may supplement his motion to vacate on or before January 25, 2023.

4. The Clerk of the Court shall set a case management deadline for January 25, 2023, with the following docket text: Check for supplemented § 2255 motion.

5.  The defendant's motion to appoint counsel (filing 117) is denied without prejudice to reconsideration after initial review of the defendant's motion to vacate.

Dated this 29th day of July, 2022.

                                BY THE COURT:

                                *John M. Gerrard*
                                John M. Gerrard
                                United States District Judge